COLEMAN VITRIFIED BRICK CO. v.
SMITH. (No. 5441.)

(Court of Civil Appeals of Texas. Austin.
March 24, 1915. Rehearing Denied
April 21, 1915.)

1. TRIAL ⊜═260—INSTRUCTIONS—REFUSAL OF
INSTRUCTIONS COVERED BY CHARGE GIVEN.
It is not error to refuse requested instructions, where the instructions given fairly and
fully submit the case.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 651–659; Dec. Dig. ⊜═260.]

2. NUISANCE ⊜═54—ACTIONS—EVIDENCE—INSTRUCTIONS.
Where, in an action for damages caused by
the erection and maintenance of a brick plant
on land adjacent to plaintiff's residence, there
was evidence that a third person had previously
maintained a small brick plant on the premises
where defendant maintained the plant complained of, but there was no proof that the small
plant caused any injury to plaintiff, an instruction, limiting the jury to a consideration of the
injury caused after defendant became the owner
of the plant and stating that he was not responsible for any injury caused by prior owners,
sufficiently guarded defendant's rights.
[Ed. Note.—For other cases, see Nuisance,
Cent. Dig. § 130; Dec. Dig. ⊜═54.]

3. TRIAL ⊜═312—INSTRUCTIONS ON JURY RETURNING TO COURT—STATUTORY PROVISIONS.
The statute requiring the submission to the
jury of special issues does not repeal the statute authorizing a judge, on request of the jury,
to give additional instructions.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 744, 745; Dec. Dig. ⊜═312.]

4. TRIAL ⊜═312—INSTRUCTIONS ON JURY RETURNING TO COURT.
A party may not complain of an instruction given to the jury returning into court and
asking for further instructions, which conforms
to instructions originally given and is favorable
to appellant.
[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 744, 745; Dec. Dig. ⊜═312.]

Appeal from District Court, Coleman
County; John W. Goodwin, Judge.

Action by W. M. Smith against the Coleman Vitrified Brick Company. From a judgment for plaintiff, defendant appeals. Affirmed.

J. A. B. Miller, Woodward & Baker, and
Snodgrass, Dibrell & Snodgrass, all of Coleman, for appellant. W. Marcus Weatherred,
of Coleman, for appellee.

KEY, C. J. Appellee sued appellant for
damages, alleged to have been caused by the
erection and maintenance of a brick plant in
the town of Coleman on lots adjacent to appellee's residence, fixing his damages at
$500 for discomfort to himself and family,
and $2,500, depreciation in the market value
of his homestead. Appellant answered by
special exceptions, a denial of the truth of
the allegations in plaintiff's petition, and
averred that appellant did not establish a
brick plant, but that the same was established by one W. W. McDonald, and had by
regular chain of title become the property of
appellant, and that the same had been main-

tained by McDonald and by appellant for
more than two years prior to the institution
of appellee's suit, and for that reason the
suit was barred by limitation. Appellee, by
supplemental petition, excepted to so much
of appellant's answer as set up the purchase
of the brick plant already in existence, and
specially denied the allegations of appellant's answer. There was a jury trial, which
resulted in a verdict and judgment for appellee for the sum of $400, as damages to
his property, and $250 for discomfort to the
plaintiff and his wife, and appellant asks
a reversal of that judgment.

No complaint is made as to the amount of
damages awarded by the verdict, and the
questions of law that are presented in appellant's brief are neither new nor novel;
and, for that reason, we deem it unnecessary
to discuss them separately or to write an
elaborate opinion.

[1, 2] Several of the assignments of error
relate to the action of the trial court in giving and refusing instructions, all of which
assignments are overruled, because we are of
opinion that the case was fairly tried, and
that the trial court gave to the jury such,
and only such, instructions as were necessary to enable them to understand the rules
of law by which they were to be governed
in deciding the case. While the proof showed that W. W. McDonald had previously established and maintained a small brick plant
on the premises where appellant subsequently constructed and maintained the plant complained of by appellee, there was no proof
that it caused any injury to appellee's premises; and the court in charging the jury
limited them to a consideration of injury and
damage caused after° appellant became the
owner of the property, and specifically instructed them that appellant would not be
responsible for any injury or damage caused
by prior owners. So it is that the court's
charge fully and carefully guarded appellant's rights in that regard, and no error
was committed in refusing any further instructions upon that subject.

[3, 4] As the case was submitted by the
court to the jury, the question of limitation
was not involved, and no error was committed in refusing to submit that question
to them. Before the jury reached a verdict,
they returned into court and inquired of the
judge if they could consider the condition of
the old plant, or confine themselves entirely
to a consideration of the conditions and results of the new plant, and thereupon the
judge gave an additional written charge,
telling the jury to confine themselves to the
effects, if any, of the new plant owned by
appellant. Appellant assigns error upon the
giving of that charge, and contends that it
was not only erroneous and misleading, but
that since the recent legislative enactment
requiring all cases to be submitted upon
special issues, etc., a trial judge has no au-

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

thority, after a case has been submitted to a jury, to give any additional charge. We overrule that contention and hold that the legislation referred to did not repeal the article of the statute which authorizes a judge, upon request of the jury, to give additional instructions. We also hold that appellant has no just ground of complaint against the charge that was so given in this case; it merely repeated what the court had already told the jury, which was, in substance, that appellant was not responsible for what had been done by the former owners of the property, and was responsible only for such injury and damage as had been caused by appellant. That charge was distinctly favorable to appellant, and all the objections urged against it are overruled.

Several assignments in appellant's brief complain of the action of the trial court in reference to the admission of testimony, some because certain evidence was admitted, and others because certain testimony that was offered was excluded. Those assignments have been duly considered, and are all overruled. The evidence supports the verdict both as to liability and amount of damages.

Our conclusion upon the whole case is that no reversible error has been shown, and therefore the judgment of the court below should be affirmed, and it is so ordered.

Affirmed.

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes